IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



| | |
|---|---|
| RICKY G. SMITH, | |
| Plaintiff, | |
| VS. | No. 05-1170-T/An |
| WILLIAM H. LATIMER, ET AL., | |
| Defendants. | |

ORDER CORRECTING THE DOCKET
AND
ORDER TO SHOW CAUSE

Plaintiff Ricky G. Smith, a resident of Tennessee, filed a *pro se* complaint on June 23, 2005 and paid the civil filing fee.[1] The Clerk shall record the defendants as William H. Latimer, a resident of Tennessee; Paul H. Bonds, who is deceased; Kenneth Cheatum, a resident of Tennessee; James Crigger, address unknown; Edwin Davis, a resident of Tennessee; Paul Forrester, who is deceased; and William B. Moss, who is deceased.

Federal courts are courts of limited jurisdiction. <u>Finley v. United States</u>, 490 U.S. 545, 547-48 (1989); <u>Aldinger v. Howard</u>, 427 U.S. 1, 15 (1976); <u>Stillman v. Combe</u>, 197 U.S. 436 (1905); <u>Turner v. Bank of N. Am.</u>, 4 U.S. 8, 10 (1799). Federal courts are obliged

---

[1] Although the complaint also purports to name the United States of America as an additional plaintiff, the plaintiff is not authorized to commence a lawsuit in the name of the United States. 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."). The Clerk is directed to remove the United States as a party to this action.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 8/22/05

to act *sua sponte* whenever a question concerning jurisdiction arises. See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 at 70 (1984). "[Fed. R. Civ. P.] 12(h)(3) provides that a court shall dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.'" Id.

According to the Sixth Circuit, "a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). There is an exception to this general rule, however, that permits a district court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple, 183 F.3d at 478 (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

In this case, the complaint does not allege any basis for federal subject-matter jurisdiction, as required by Fed. R. Civ. P. 8(a)(1).[2] As the United States is not properly

---

[2] That Rule provides that "[a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the facts upon which the court's jurisdiction depends."

2

named as a plaintiff in this case, 28 U.S.C. § 1345 provides no basis for federal jurisdiction. Moreover, it is evident that jurisdiction cannot be based on 28 U.S.C. § 1332, as the plaintiff and several defendants are Tennessee residents. Finally, it is not clear from the face of the complaint that there is federal question jurisdiction under 28 U.S.C. § 1331 or that there is any other basis to support the Court's jurisdiction over this action.

Accordingly, the plaintiff is ORDERED to show cause, in writing and within 30 days after the entry of this order, why this case should not be dismissed for lack of subject-matter jurisdiction. The response must be typed or hand printed on 8½ by 11 inch paper, one side to a sheet. The plaintiff must personally sign the response. The plaintiff's response may take the form of an amended complaint. The failure to timely comply with this order will result in the dismissal of the complaint in its entirety, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The plaintiff also must keep this Court informed of his current address. If the plaintiff fails to inform the Court of a change of address, he will not be excused for failing to comply with the Court's orders and deadlines because an order was delayed or not delivered to him.

IT IS SO ORDERED this 22nd day of August, 2005.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 1:05-CV-01170 was distributed by fax, mail, or direct printing on August 22, 2005 to the parties listed.

---

Michael R. Hill
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

James M. Glasgow
ELAM GLASGOW & CHISM
P.O. Box 250
127 S. First Street
Union City, TN 38261

Ricky G. Smith
1802 Shatz Road
Union City, TN 38261

Honorable James Todd
US DISTRICT COURT